**IN RE D.T.L.**

[219 N.C. App. 219 (2012)]

IN THE MATTER OF: D.T.L., T.S.L., AND A.M.L., JUVENILES

No. COA11-1090

(Filed 21 February 2012)

**1. Termination of Parental Rights—failure to provide support—no decree or custody agreement requiring payment**

The trial court erred by concluding that grounds existed to terminate respondent father's parental rights to his minor children because he failed to provide support for them. There was no decree or custody agreement which required respondent to pay for the care, support, and education of the juveniles.

**2. Termination of Parental Rights—willful abandonment—six-month statutory period—institution of civil custody action**

The trial court erred by concluding that grounds existed to terminate respondent father's parental rights to his minor children because he willfully abandoned them. During the relevant six-month statutory period, respondent was released from incarceration and petitioner mother obtained a domestic violence protection order prohibiting respondent from contacting either petitioner or the juveniles. Further, respondent's institution of a civil custody action undermined the finding that he willfully abandoned his children.

Appeal by respondent from order entered 15 June 2011 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 6 February 2012.

*No brief filed for petitioner-mother appellee.*

*Assistant Appellate Defender J. Lee Gilliam, for respondent-father appellant.*

*Melinda C. Flinn for guardian ad litem appellee.*

McCULLOUGH, Judge.

Respondent appeals from an order terminating his parental rights to his minor children, D.T.L., T.S.L., and A.M.L. ("the juveniles"). Because neither of the grounds found by the trial court to terminate respondent's parental rights are supported by its findings of fact, we reverse the trial court's order.

**IN RE D.T.L.**

[219 N.C. App. 219 (2012)]

Respondent is the biological father and petitioner is the biological mother of the juveniles, although they never married. Respondent and petitioner were living together in 2006, when the Robeson County Department of Social Services ("RCDSS") received a report of domestic violence in the home. After investigating the report, RCDSS informed petitioner that she risked the removal of the juveniles from her custody due to domestic violence and misuse of drugs and alcohol in the home. In response, petitioner severed her relationship with respondent and left his home in February 2006.

In January 2007, respondent was arrested for trafficking cocaine and conspiracy. In October 2007, respondent entered a guilty plea to conspiracy to traffic cocaine and was sentenced to a term of 35 to 42 months' imprisonment. Respondent was released from incarceration in September 2010.

Shortly after respondent's release, petitioner sought and obtained a domestic violence protection order against respondent. The order prohibited respondent from contacting either petitioner or the juveniles. On 19 November 2010, respondent filed a child custody complaint against petitioner, seeking joint custody of the juveniles. In his complaint, respondent asked the court to grant petitioner "primary" custody of the juveniles, and allow him to have "secondary" custody of the juveniles with "reasonable and liberal visitation." Petitioner filed an answer and counterclaim to respondent's complaint on 8 February 2011. That same day, petitioner also filed a petition to terminate respondent's parental rights to the juveniles. In her petition, petitioner alleged grounds existed to terminate respondent's parental rights in that he: (1) willfully failed to pay for the care, support and education of the juveniles; (2) willfully abandoned the juveniles; and (3) neglected the juveniles.

After a hearing on 23 May 2011, the trial court entered an order terminating respondent's parental rights to the juveniles. The trial court found grounds existed to terminate respondent's parental rights in that he willfully failed to pay for the care, support, and education of the juveniles and he willfully abandoned the juveniles. Respondent appeals.

" 'The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law.' " *In re Shepard*, 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (2004) (quoting *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984)). "Findings of fact supported by competent

**IN RE D.T.L.**

[219 N.C. App. 219 (2012)]

evidence are binding on appeal even though there may be evidence to the contrary." *In re S.R.G.*, 195 N.C. App. 79, 83, 671 S.E.2d 47, 50 (2009). However, "[t]he trial court's conclusions of law are fully reviewable *de novo* by the appellate court." *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008) (internal quotation marks and citation omitted).

**[1]** Respondent first argues the trial court erred in concluding grounds existed to terminate his parental rights because he failed to provide support to the juveniles. We agree.

Grounds exist to terminate parental rights where:

> One parent has been awarded custody of the juvenile by judicial decree or has custody by agreement of the parents, and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition or motion willfully failed without justification to pay for the care, support, and education of the juvenile, *as required by said decree or custody agreement.*

N.C. Gen. Stat. § 7B-1111(a)(4) (2011) (emphasis added). In applying N.C. Gen. Stat. § 7A-289.32(5), the identical predecessor to N.C. Gen. Stat. § 7B-1111(a)(4), this Court held that, "[i]n a termination action pursuant to this ground, petitioner must prove the existence of a support order that was enforceable during the year before the termination petition was filed." *In re Roberson*, 97 N.C. App. 277, 281, 387 S.E.2d 668, 670 (1990).

Here, the petition did not allege that there was a decree or custody agreement which required respondent to pay for the care, support, and education of the juveniles. Moreover, no evidence was introduced at the hearing that any such decree or agreement existed, and the trial court did not find that any decree or agreement existed. Accordingly, we hold the trial court erred in concluding this ground existed to terminate respondent's parental rights.

**[2]** Respondent next argues the trial court erred in concluding grounds existed to terminate his parental rights to the juveniles because he willfully abandoned the juveniles. We agree.

A trial court may terminate parental rights upon concluding that "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion . . . ." N.C. Gen. Stat. § 7B-1111(a)(7) (2011). "Whether a bio-

**IN RE D.T.L.**

[219 N.C. App. 219 (2012)]

logical parent has a willful intent to abandon his child is a question of fact to be determined from the evidence." *In re Adoption of Searle*, 82 N.C. App. 273, 276, 346 S.E.2d 511, 514 (1986). "Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *Id.* at 275, 346 S.E.2d at 514. This Court has further held:

> A judicial determination that a parent willfully abandoned her child, particularly when we are considering a relatively short six month period, needs to show more than a failure of the parent to live up to her obligations as a parent in an appropriate fashion; the findings must clearly show that the parent's actions are wholly inconsistent with a desire to maintain custody of the child.

*In re S.R.G.*, 195 N.C. App. at 87, 671 S.E.2d at 53.

Here, the trial court's ultimate finding of fact regarding the ground of abandonment states that "[r]espondent has failed to maintain contact with the Juveniles since March 2007. He has wilfully abandoned the Juveniles." However, this ultimate finding is not supported by clear, cogent and convincing evidence. Petitioner filed her petition to terminate respondent's parental rights on 8 February 2011, thus the relevant six-month statutory period was from 8 August 2010 to 8 February 2011. Respondent was released from incarceration in September 2010, and on 6 October 2010, petitioner obtained a domestic violence protection order which prohibited respondent from contacting either petitioner or the juveniles. On 19 November 2010, respondent filed a custody action against petitioner in which he asked the court to award "primary" custody to petitioner and grant him "secondary" custody and "reasonable and liberal visitation." Respondent's institution of a civil custody action undermines the trial court's finding and conclusion that he willfully abandoned the juveniles. Having been prohibited by court order from contacting either petitioner or the juveniles, respondent's filing of a civil custody action clearly establishes that he desired to maintain custody of the juveniles and cannot support a conclusion that he had a willful determination to forego all parental duties and relinquish all parental claims to the juveniles. Accordingly, we hold the trial court erred in concluding respondent willfully abandoned the juveniles pursuant to N.C. Gen. Stat. § 7B-1111(a)(7).

**IN RE D.T.L.**

[219 N.C. App. 219 (2012)]

Because we hold the trial court erred in concluding that grounds existed to terminate respondent's parental rights pursuant to both N.C. Gen. Stat. § 7B-1111(a)(4) and (7), we reverse the trial court's order terminating respondent's parental rights.

Reversed.

Chief Judge MARTIN and Judge BRYANT concur.