ZACHARY, Judge.
 

 *107
 

 *164
 
 This is a private termination action between two parents. Respondent-father appeals the termination of his parental rights to the minor child, J.M.K. ("Jessica").
 
 [1]
 
 We reverse.
 

 I. Background
 

 The parties were in a relationship and lived together from February until September of 2014, but never married. During their relationship, Jessica was conceived. On 2 October 2014, petitioner-mother, who was pregnant, filed a complaint and motion for domestic violence protective order alleging that respondent-father destroyed the interior of her mobile home during a fit of rage. The trial court entered an
 
 ex parte
 
 domestic violence protective order the same day and subsequently entered a one-year domestic violence protective order on 4 December 2014.
 

 Jessica was born at the beginning of May 2015. There was no father listed on her birth certificate, and petitioner-mother did not inform respondent-father of the birth. On 7 May 2015, respondent-father filed a
 
 pro se
 
 , verified complaint for custody, alleging that he was Jessica's father. On 29 May 2015, petitioner-mother filed an answer and counterclaim, in which she "neither admitted nor denied" that respondent-father was Jessica's father. Respondent-father failed to attend the resulting custody hearing, having been incarcerated for violating the terms of the domestic violence protective order. On 22 September 2015, the trial court entered an order awarding sole legal and physical custody to petitioner-mother.
 

 On 15 July 2016, respondent-father filed a motion to modify the child custody order. On 27 July 2016, petitioner-mother filed a motion to dismiss respondent-father's motion, arguing that he had failed to establish paternity, or in the alternative, a motion for child support. On 24 October 2016, the trial court entered an order granting the motion to dismiss. The dismissal order noted that the prior custody order did not include a finding that respondent-father was Jessica's father.
 

 On 19 July 2017, petitioner-mother filed a petition to terminate respondent-father's parental rights on the grounds of failure to pay child support and failure to legitimate.
 
 See
 
 N.C. Gen. Stat. § 7B-1111(a)(4)-(5) (2017). Respondent-father was appointed counsel, but he did not file an answer. The petition was heard on 28 November 2017. On 29 November 2017, the trial court entered an order terminating respondent-father's
 
 *165
 
 parental rights to Jessica. Respondent-father entered timely notice of appeal.
 
 [2]
 

 II. Grounds for Termination
 

 Respondent-father argues that the trial court erred by concluding that grounds existed to terminate his parental rights. We agree.
 

 This Court reviews an order terminating parental rights to determine "whether the trial court's findings of fact were based on clear, cogent, and convincing evidence, and whether those findings of fact support a conclusion that parental termination should occur[.]"
 
 In re Oghenekevebe
 
 ,
 
 123 N.C. App. 434
 
 , 435-36,
 
 473 S.E.2d 393
 
 , 395 (1996) (citation omitted). "[T]he trial court must enter sufficient findings of fact and conclusions of law to reveal the reasoning which led to the court's ultimate decision."
 
 In re D.R.B.
 
 ,
 
 182 N.C. App. 733
 
 , 736,
 
 643 S.E.2d 77
 
 , 79 (2007).
 

 *108
 
 In this case, the trial court made the following conclusion as to the grounds for terminating respondent-father's parental rights:
 

 That, pursuant to N.C.G.S. § 7B-1111, the Respondent, has abandoned the minor child for more than 6 months preceding the filing of the Petition. The Respondent has failed to visit with the minor child or inquire about her wellbeing. That the Respondent has failed to provide any financial or material support for the benefit of the minor child since the birth of the minor child. That the Respondent has failed to legitimate the minor child, has failed to file an affidavit of paternity in a central registry maintained by the Department of Health and Human Services. That the Respondent did not legitimate the minor child through marriage to the Petitioner mother. That the Respondent has failed to perform the natural and legal obligations of parental care and support, has failed to legitimate the minor child, and has withheld his presence, his love and care, to the detriment of the minor child.
 

 The trial court's order does not specifically list any of the enumerated statutory grounds for termination.
 
 See
 
 N.C. Gen. Stat. § 7B-1111(a)(2017). However, the language included in this conclusion would potentially
 
 *166
 
 provide the basis for three distinct grounds for termination: abandonment under section (a)(7), failure to pay child support under section (a)(4), and failure to legitimate under section (a)(5). We will review each of these grounds in turn.
 
 [3]
 

 The petition filed in this matter only alleged two grounds for termination: failure to pay child support and failure to legitimate. There is nothing in the petition that would have put respondent-father on notice that his parental rights were subject to termination based on abandonment under N.C. Gen. Stat. § 7B-1111(a)(7). As a result, the trial court's conclusion that this ground existed must be reversed.
 
 See
 

 In re C.W.
 
 ,
 
 182 N.C. App. 214
 
 , 228-29,
 
 641 S.E.2d 725
 
 , 735 (2007) ("Because it is undisputed that DSS did not allege abandonment as a ground for termination of parental rights, respondent had no notice that abandonment would be at issue during the termination hearing. Accordingly, the trial court erred by terminating respondent's parental rights based on this ground.").
 

 Next, the trial court concluded that respondent-father's parental rights were subject to termination on the ground of failure to pay child support. " '[I]n a termination action pursuant to this ground, petitioner must prove the existence of a support order that was enforceable during the year before the termination petition was filed.' "
 
 In re D.T.L.
 
 ,
 
 219 N.C. App. 219
 
 , 221,
 
 722 S.E.2d 516
 
 , 518 (2012) (
 
 quoting
 

 In re Roberson
 
 ,
 
 97 N.C. App. 277
 
 , 281,
 
 387 S.E.2d 668
 
 , 670 (1990) ). Here, there was no evidence that respondent-father had any court-ordered obligation to pay child support. Consequently, the trial court's conclusion that this ground existed must also be reversed.
 

 Finally, the trial court concluded that respondent-father's parental rights were subject to termination based on his failure to legitimate Jessica pursuant to N.C. Gen. Stat. § 7B-1111(a)(5). This section provides that a court may terminate the parental rights of the father of a juvenile born out of wedlock upon a finding that the father has not, prior to the filing of the petition to terminate parental rights:
 

 a. Filed an affidavit of paternity in a central registry maintained by the Department of Health and Human Services;
 

 *167
 
 provided, the petitioner or movant shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and the Department's certified reply shall be submitted to and considered by the court.
 

 b. Legitimated the juvenile pursuant to provisions of G.S. 49-10, G.S. 49-12.1, or filed a petition for this specific purpose.
 

 *109
 
 c. Legitimated the juvenile by marriage to the mother of the juvenile.
 

 d. Provided substantial financial support or consistent care with respect to the juvenile and mother.
 

 e. Established paternity through G.S. 49-14, 110-132, 130A-101, 130A-118, or other judicial proceeding.
 

 N.C. Gen. Stat. § 7B-1111(a)(5)(2017). "When basing the termination of parental rights on [ N.C. Gen. Stat. § 7B-1111(a)(5),] the court must make
 
 specific findings of fact
 
 as to [each] subsection[.]"
 
 In re I.S.
 
 ,
 
 170 N.C. App. 78
 
 , 88,
 
 611 S.E.2d 467
 
 , 473 (2005) (emphasis added). But the trial court only addressed subsections (a), (c), and (d) of this ground in the termination order. The order does not address subsection (b), whether respondent-father legitimated Jessica pursuant to
 
 N.C. Gen. Stat. §§ 49-10
 
 , or 49-12.1, or subsection (e), whether respondent-father established paternity through
 
 N.C. Gen. Stat. §§ 49-14
 
 , 110-132, 130A-101, 130A-118 or through any "other judicial proceeding." Because the trial court failed to make required findings under N.C. Gen. Stat. § 7B-1111(a)(5), the trial court's conclusion that respondent-father's rights were subject to termination on the ground of failure to legitimate must also be reversed.
 

 III. Conclusion
 

 The facts found by the trial court are insufficient to establish grounds for terminating respondent-father's parental rights, in that 1) the petition to terminate respondent-father's parental rights did not allege abandonment as a ground for termination; 2) there was no finding and no evidence of a court order requiring respondent to pay child support; and 3) the termination order did not make all of the required findings under N.C. Gen. Stat. § 7B-1111(a)(5) (2017). Thus, the termination order is reversed.
 

 REVERSED.
 

 Judges ELMORE and DAVIS concur.
 

 [1]
 

 A pseudonym is used to protect the identity of the minor child and for ease of reading.
 

 [2]
 

 Although the termination order was entered on 29 November 2017, respondent did not file notice of appeal until 19 February 2018 because the order was not served on respondent until 12 February 2018.
 
 See
 
 N.C. Gen. Stat. § 7B-1001(b) (2017) ("Notice of appeal ... shall be made within 30 days after entry and service of the order ....").
 

 [3]
 

 In his brief, respondent-father also argues that the trial court erred by concluding that his rights were subject to termination on the ground of neglect pursuant to N.C. Gen. Stat. § 7B-1111(a)(1). However, this ground was not alleged in the petition and the trial court's conclusion does not adequately suggest the court determined this ground existed.
 
 See
 

 In re O.J.R.
 
 ,
 
 239 N.C. App. 329
 
 , 339,
 
 769 S.E.2d 631
 
 , 638 (2015) ("If the trial court meant to terminate Respondent's parental rights [based on a specific ground], the trial court needs to provide both sufficient findings of fact and conclusions of law indicating that the trial court is proceeding pursuant to [that ground]."). Consequently, it is unnecessary to address this argument.