IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-111

No. 83A21

Filed 24 September 2021

IN THE MATTER OF: M.R.F.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 3 November 2020 by Judge Mack Brittain in District Court, Transylvania County. This matter was calendared for argument in the Supreme Court on 19 August 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Donald H. Barton for petitioner-appellee.*

*No brief for appellee Guardian ad Litem.*

*Anné C. Wright for respondent-appellant father.*

MORGAN, Justice.

Respondent-father appeals from the trial court's order terminating his parental rights to "Margot,"[1] a minor child born in May 2014. The order also terminated the parental rights of Margot's mother, but she is not a party to this appeal. We reverse the trial court's order as to respondent-father.

I.    **Factual and Procedural Background**

_____

[1] We use a pseudonym to protect the juvenile's identity and for ease of reading.

Petitioner is Margot's maternal grandmother. On 30 October 2019, petitioner filed a petition to terminate the parental rights of both of Margot's parents. As the statutory grounds for termination, petitioner alleged the following: respondents willfully left Margot in a placement outside the home for more than twelve months without making reasonable progress to correct the conditions leading to Margot's removal, *see* N.C.G.S. § 7B-1111(a)(2) (2019); respondents "willfully failed without justification to pay for the care, support and education of the minor child in violation of N.C.G.S. [§] 7B-1111(a)(4)"; and respondent-father "has not undertaken any of those actions required of him" to legitimate the child under N.C.G.S. § 7B-1111(a)(5). Respondent-father was served with the petition and with an alias and pluries summons on 31 January 2020. On 19 February 2020, respondent-father filed a verified answer denying many of the allegations in the petition.

The trial court held a hearing on the petition on 14 October 2020. Petitioner testified and introduced a copy of Margot's birth certificate. Respondent-father did not call any witnesses at the hearing but presented federal court records reflecting his incarceration in federal prison.

In its "Order Terminating Parental Rights" entered on 3 November 2020, the trial court concluded that grounds existed to terminate respondent-father's parental

rights pursuant to N.C.G.S. § 7B-1111(a)(2), (4), and (5).[2] The trial court further concluded that it was in Margot's best interests that respondent-father's parental rights be terminated. *See* N.C.G.S. § 7B-1110(a) (2019). Respondent-father filed timely notice of appeal from the termination of parental rights order.

## II.    Arguments on Appeal

On appeal, respondent-father contends that the trial court erred by failing to state the standard of proof that it applied in finding the facts to support the trial court's adjudication of grounds for terminating respondent-father's parental rights under N.C.G.S. § 7B-1111(a)(2), (4)–(5). *See* N.C.G.S. § 7B-1109(f) (2019) ("[A]ll findings of fact shall be based on clear, cogent, and convincing evidence."). He further claims that petitioner's evidence and the trial court's findings of fact are insufficient to establish any of the three adjudicated grounds for termination. We agree with respondent-father's assertions on all points and reverse the termination of parental

---

[2] The trial court announced at the hearing that it was "not going to find the third ground as to [respondent-father] regarding legitimization, since [respondent-father] is listed on the birth certificate." In its order, however, the trial court concluded that grounds existed to terminate the parental rights of respondent-father pursuant to N.C.G.S. § 7B-1111(a)(5). Generally, where a trial court's ruling rendered in open court is inconsistent with its written order, the written order controls. *See generally In re A.U.D.*, 373 N.C. 3, 9–10 (2019) ("[A] trial court's oral findings are subject to change before the final written order is entered.").

In their briefs, the parties agree that the trial court found that petitioner had failed to prove grounds for terminating respondent-father's parental rights under N.C.G.S. § 7B-1111(a)(5). However, respondent-father also challenges the adjudication under N.C.G.S. § 7B-1111(a)(5) included in the written order as unsupported by the trial court's findings of fact or petitioner's evidence. In viewing the written order as controlling, we review respondent-father's argument contesting the trial court's adjudication under N.C.G.S. § 7B-1111(a)(5).

rights order.

¶ 6     A proceeding for the termination of parental rights consists of

> two stages, beginning with an adjudicatory determination. At the adjudicatory stage, the petitioner bears the burden of proving by clear, cogent, and convincing evidence the existence of one or more grounds for termination under section 7B-1111(a) of the General Statutes. If a trial court finds one or more grounds to terminate parental rights under N.C.G.S. § 7B-1111(a), it then proceeds to the dispositional stage at which it determines whether terminating the parent's rights is in the juvenile's best interest.

*In re K.C.T.*, 375 N.C. 592, 595 (2020) (extraneity omitted).

¶ 7     Respondent-father confines his appeal to the trial court's ruling on adjudication. "We review a [trial] court's adjudication 'to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law.' " *In re N.P.*, 374 N.C. 61, 62–63 (2020) (quoting *In re Montgomery*, 311 N.C. 101, 111 (1984)). "[T]he issue of whether a trial court's adjudicatory findings of fact support its conclusion of law that grounds existed to terminate parental rights pursuant to N.C.G.S. § 7B-1111(a)" is reviewed de novo by the appellate court. *In re T.M.L.*, 377 N.C. 369, 2021-NCSC-55, ¶ 15. "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *Id.* (alteration in original) (quoting *In re C.V.D.C.*, 374 N.C. 525, 530 (2020)).

## A. Standard of Proof

As respondent-father notes, "[t]he trial court's order fails to identify" the standard of proof under which the trial court made adjudicatory findings of fact. He contends that the trial court's order "must be vacated" as a result of this omission.

Section 7B-1109 establishes the requirements of an adjudicatory hearing in a termination of parental rights proceeding and provides that "[t]he burden in such proceedings shall be upon the petitioner or movant and all findings of fact shall be based on clear, cogent, and convincing evidence." N.C.G.S. § 7B-1109(f). Although subsection 7B-1109(f) "merely specifies a particular standard of proof in termination-of-parental-rights proceedings," *In re B.L.H.*, 376 N.C. 118, 123 (2020), this Court has held that the statute "implicitly requires a trial court to announce the standard of proof which they are applying on the record in a termination-of-parental-rights hearing. To hold otherwise would make the provision effectively unenforceable and would defeat the purposes of the statutory scheme," *id.* at 126; *see also* N.C.G.S. § 7B-1109(e) (requiring trial court to "take evidence, *find the facts*, and . . . adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent" (emphasis added)).

Contrary to respondent-father's argument on appeal, "the trial court satisfies the announcement requirement of N.C.G.S. § 7B-1109(f) so long as it announces the 'clear, cogent, and convincing' standard of proof *either* in making findings of fact in

the written termination order or in making such findings in open court." *In re B.L.H.*, 376 N.C. at 126 ("This rule ensures our appellate courts can determine whether the correct standard of proof was applied from the record on appeal without an undue formalism not reflected in the statutory language."). In the present case, however, the trial court failed to announce the standard of proof for its adjudicatory findings either in open court *or* in its written order. Therefore, the trial court failed to comply with the statutory mandate.

¶ 11 Petitioner concedes that the trial court failed to articulate the applicable standard of proof but insists that "there was overwhelming evidence leading to the entitlement of [petitioner] to an order terminating parental rights and that the evidence obviously met the clear and convincing standard." Petitioner argues that a remand of this case to the trial court merely to have the tribunal announce the "clear, cogent, and convincing" evidentiary standard of N.C.G.S. § 7B-1109(f) will have no effect on the ultimate outcome of the case. As elucidated at length hereafter, we are not persuaded by petitioner's argument.

¶ 12 When the record reflects that "there was competent evidence before the trial court to support a finding that any of the [adjudicated] statutory grounds existed for termination of parental rights[,]" the appropriate remedy for the trial court's noncompliance with N.C.G.S. § 7B-1109(f) is to vacate the trial court's order and to remand the case for the entry of new findings of fact and conclusions of law based on

the clear, cogent, and convincing evidence standard. *In re Church*, 136 N.C. App. 654, 658 (2000) ("[T]he case must be remanded for the trial court to determine whether the evidence satisfies the required standard of proof . . . ."). A review of the record in the instant case, however, shows that petitioner failed to adduce sufficient evidence to sustain any of the alleged grounds for terminating respondent-father's parental rights. In light of not only the failure of the trial court to announce the standard of proof which it was applying to its findings of fact but also due to petitioner's failure to present sufficient evidence to support any of the alleged grounds for the termination of the parental rights of respondent-father, we are compelled to simply, *without remand*, reverse the trial court's order. *See Arnold v. Ray Charles Enters., Inc.*, 264 N.C. 92, 99 (1965) ("To remand this case for further findings, however, when defendants, the parties upon whom rests the burden of proof here, have failed to offer any evidence bearing upon the point, would be futile."); *Cnty. of Durham v. Hodges*, 257 N.C. App. 288, 298 (2018) ("Since there is no evidence to support the required findings of fact, we need not remand for additional findings of fact. Instead, we reverse . . . .").

**B. Adjudication under N.C.G.S. § 7B-1111(a)(2)**

¶ 13        Respondent-father argues that the trial court erred in adjudicating grounds for terminating his parental rights pursuant to N.C.G.S. § 7B-1111(a)(2). He asserts that the trial court's adjudication lacks "indispensable supporting findings of fact."

Respondent-father further contends that crucial findings of fact entered by the trial court are unsupported by the evidence.

An adjudication under N.C.G.S. § 7B-1111(a)(2)

> requires the trial court to perform a two-step analysis where it must determine by clear, cogent, and convincing evidence whether (1) a child has been willfully left by the parent in foster care or placement outside the home for over twelve months, and (2) the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of the child. Under the first step, the twelve-month period begins when a child is left in foster care or placement outside the home pursuant to a court order, and ends when the motion or petition for termination of parental rights is filed. Where the twelve-month threshold does not expire before the motion or petition is filed, a termination on the basis of N.C.G.S. § 7B-1111(a)(2) cannot be sustained.

*In re K.H.*, 375 N.C. 610, 613 (2020) (extraneity omitted).

Respondent-father asserts that petitioner's evidence and the trial court's findings of fact fail to establish that Margot had been left in a placement outside the home pursuant to a court order for at least twelve months at the time petitioner filed her petition on 30 October 2019. We agree. The only evidence presented at the hearing on this issue was petitioner's testimony that Margot was six years old at the time of the hearing, that Margot had lived with petitioner "since she was [thirteen] days old[,]" and that Margot was the subject of "DSS proceedings" which resulted in petitioner being granted guardianship of the child after "a hearing." As respondent-father observes, the trial court received "no evidence . . . as to whether Margot was

living with the petitioner pursuant to a court order prior to the entry of the guardianship order and no evidence . . . as to when the guardianship order was entered." The record is silent on the question of when Margot's "placement outside the home *pursuant to a court order*" commenced. *See In re K.H.*, 375 N.C. at 613 (emphasis added).

¶ 16 Respondent-father specifically challenges, for lack of evidence in the record, the following finding of fact entered by the trial court: "That since the child's birth Petitioner has had custody of the minor child by custody placement through Transylvania County D.S.S." We agree with respondent-father that there is no evidence to support this finding with regard to the date of Margot's "custody placement through Transylvania County D.S.S." Moreover, this finding makes no reference to a court order or to a date on which such a court order was entered.

¶ 17 We hold that the evidence and the trial court's findings of fact fail to establish an essential fact required for an adjudication under N.C.G.S. § 7B-1111(a)(2); namely, that Margot had been in a court-ordered placement outside the home for at least twelve months at the time the petition to terminate respondent-father's parental rights was filed. Therefore, the trial court's adjudication of this ground "cannot be sustained." *In re K.H.*, 375 N.C. at 613 (quoting *In re J.G.B.*, 177 N.C. App. 375, 383 (2006)).

¶ 18 Respondent-father also submits additional bases for disputing the trial court's

adjudication under N.C.G.S. § 7B-1111(a)(2). Citing his confinement in federal prison, respondent-father claims that the evidence does not support the trial court's findings that he "willfully" left Margot in petitioner's care for more than twelve months and that he "at all relevant times . . . had the ability to be involved in [Margot's] care and upbringing" but "willfully failed to do so." Respondent-father also submits that the trial court heard no evidence and made no findings regarding the "conditions which led to the removal of [Margot]" from respondent-father's care or the reasonableness of his "progress under the circumstances" in correcting those conditions. *See* N.C.G.S. § 7B-1111(a)(2).

We do not need to address these issues. *Cf. In re T.N.H.*, 372 N.C. 403, 407 (2019) ("[W]e review only those findings necessary to support the trial court's determination that grounds existed to terminate respondent's parental rights."). For purposes of our review, we have determined that petitioner failed to show that Margot resided in a placement outside the home pursuant to a court order for at least twelve months at the time the petition in this case was filed. *See In re K.H.*, 375 N.C. at 616 (reversing order adjudicating grounds for termination under N.C.G.S. § 7B-1111(a)(2)); *accord In re A.C.F.*, 176 N.C. App. 520, 529 (2006).

**C. Adjudication under N.C.G.S. § 7B-1111(a)(4)**

Respondent-father next claims that the trial court erred by terminating his parental rights pursuant to N.C.G.S. § 7B-1111(a)(4), which allows for termination

when

> [o]ne parent has been awarded custody of the juvenile by judicial decree or has custody by agreement of the parents, and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition or motion willfully failed without justification to pay for the care, support, and education of the juvenile, as required by the decree or custody agreement.

N.C.G.S. § 7B-1111(a)(4). As petitioner is Margot's grandmother and hence not Margot's parent, respondent-father argues that this statutory provision is "inapplicable to the instant case." He further posits that "[t]here was no evidence presented or findings of fact made regarding the existence of an order requiring [him] to pay child support." Finally, respondent-father contends that the evidence does not support the trial court's findings that respondent-father had the ability to pay child support "at all relevant times" and that he willfully failed to do so. In response, petitioner merely offers a conclusory statement, with no elaboration, that respondent-father's "parental rights could be terminated under N.C.G.S. § 7B-1111([a])(4) as there was substantial competent evidence to support such a finding." Petitioner's stance on this issue is without merit.

¶ 21    Petitioner testified at the termination of parental rights hearing that she is Margot's maternal grandmother and not Margot's parent. Petitioner represented that she had been granted guardianship of Margot and that the mother has no meaningful relationship with the child. There is no evidence in the record that the mother was

"awarded custody of the juvenile by judicial decree or has custody by agreement of the parents" or that respondent-father was "required by the decree or custody agreement" to pay for Margot's "care, support, and education," as required for an adjudication under N.C.G.S. § 7B-1111(a)(4). Consistent with this dearth of any custodial determination is the lack of any findings by the trial court on such matters. "Accordingly, we hold the trial court erred in concluding this ground existed to terminate respondent[-father]'s parental rights." *In re D.T.L.*, 219 N.C. App. 219, 221 (2012).

**D.     Adjudication under N.C.G.S. § 7B-1111(a)(5)**

Respondent-father also contends that petitioner's evidence and the trial court's findings of fact do not support the trial court's adjudication under N.C.G.S. § 7B-1111(a)(5). This provision authorizes the termination of parental rights when

> [t]he father of a juvenile born out of wedlock has not, prior to the filing of a petition or motion to terminate parental rights, done any of the following:
>
> a. Filed an affidavit of paternity in a central registry maintained by the Department of Health and Human Services. The petitioner or movant shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and the Department's certified reply shall be submitted to and considered by the court.
>
> b. Legitimated the juvenile pursuant to provisions of G.S. 49-10, G.S. 49-12.1, or filed a petition for this specific purpose.
>
> c. Legitimated the juvenile by marriage to the mother

of the juvenile.

> d. Provided substantial financial support or consistent care with respect to the juvenile and mother.

> e. Established paternity through G.S. 49-14, 110-132, 130A-101, 130A-118, or other judicial proceeding.

N.C.G.S. § 7B-1111(a)(5). To support a determination that the ground for termination of parental rights as provided in N.C.G.S. § 7B-1111(a)(5) exists, the trial court must make findings of fact indicating that the petitioner has met her burden of proving that the juvenile was born out-of-wedlock and that the putative father has failed to take any of the actions enumerated in the subsections of N.C.G.S. § 7B-1111(a)(5). *See, e.g., In re L.S.*, 262 N.C. App. 565, 568 (2018).

Neither the record nor the trial court's findings of fact demonstrate any basis for terminating respondent-father's parental rights pursuant to N.C.G.S. § 7B-1111(a)(5). There is no evidence or finding that Margot was born out of wedlock. *See* N.C.G.S. § 7B-1111(a)(5); *In re L.S.*, 262 N.C. App. at 568. Respondent-father is identified as Margot's father on her birth certificate, and the child bears his surname. Furthermore, petitioner

> adduced no evidence to support a finding . . . that, at the time its petition was filed on [30 October 2019], Respondent-Father had not filed an affidavit of paternity in a central registry maintained by the Department of Health and Human Services; legitimated or filed a petition to legitimate the children pursuant to N.C.[G.S.] §§ 49-10, -12.1; legitimated the children by marriage to the mother; or established paternity through a judicial proceeding.

*Id.* at 568–69. **"**We hold, therefore, that petitioner failed to meet its burden of proof and the trial court committed prejudicial error in concluding grounds existed for terminating respondent[-father]'s parental rights." *In re I.S.*, 170 N.C. App. at 88.

**E. Additional Grounds for Termination**

In her brief to this Court, petitioner asserts that "[t]he action and/or inactions of the parents appear to constitute neglect of the child." *See* N.C.G.S. § 7B-1111(a)(1) (authorizing termination of parental rights when "[t]he parent has abused or neglected the juvenile"). "It would also appear," petitioner contends, "that grounds exist under N.C.G.S. § 7B-1111([a])(7) as to abandonment of the child." However, the trial court's order makes no reference to respondent-father's neglect or abandonment of Margot or to the statutory provisions found in N.C.G.S. § 7B-1111(a)(1) and (7). Since the trial court did not address either of these grounds in its order and since petitioner did not allege these grounds at the trial court level, this Court is not empowered to evaluate the existence of the grounds of neglect or willful abandonment here in the first instance.

To the extent that petitioner proffers N.C.G.S. § 7B-1111(a)(1) or (7) as alternative bases for upholding the trial court's termination of respondent-father's parental rights, her argument is not properly before this Court. In her petition filed on 30 October 2019, petitioner did not raise neglect or willful abandonment as grounds for terminating respondent-father's rights. *See generally In re B.L.H.*, 190

N.C. App. 142, 147 ("[W]here a respondent lacks notice of a possible ground for termination, it is error for the trial court to conclude such a ground exists."), *aff'd per curiam*, 362 N.C. 674 (2008). Nor did petitioner ask the trial court to adjudicate either of these statutory grounds for termination at the hearing on 14 October 2020 or obtain a ruling from the court as to either ground. *See* N.C. R. App. P. 10(a)(1), (c).

### III.    Conclusion

The trial court failed to state, in oral or written form, the standard of proof which it utilized in rendering its adjudicatory findings of fact. However, the evidence in the record of this case is insufficient to support findings which are necessary to establish any of the statutory grounds for termination which were alleged by petitioner and found by the trial court. Accordingly, there is not a sufficient foundation upon which the trial court could expressly announce the proper application of the standard of proof upon remand to it by this Court. Therefore, the trial court's order as to the termination of respondent-father's parental rights is reversed.

REVERSED.