IN THE MATTER OF ISSAC CLARK ROBERSON AND JORDAN EDWARD ROBERSON

No. 8918DC391

(Filed 6 February 1990)

1. **Parent and Child § 1.6 (NCI3d)— termination of parental rights—nonpayment of child support—evidence sufficient**

   The trial court correctly found and concluded that respondent failed to provide child support for more than one year preceding the filing of the termination of parental rights proceeding where respondent acknowledges that he paid no support to petitioner for a period of more than one year before the petition was filed but contends that payments to his son's child psychologist constituted child support. Respondent's support obligation was $250 a month, to be paid to petitioner, not to pay the child psychologist for his son's counseling.

**Am Jur 2d, Parent and Child §§ 34, 35.**

**2. Parent and Child § 1.6 (NCI3d)— termination of parental rights — nonpayment of support — finding of willfulness**

The trial court did not err by finding and concluding that respondent's failure to pay child support during the relevant period was willful despite the failure of the order to contain a finding of fact on respondent's ability to make support payments because petitioner in a termination action must prove the existence of an enforceable support order and a proper child support decree will be based on the supporting parent's ability to pay as well as the child's needs. Moreover, there was evidence of defendant's employment and earnings in the record which defendant did not rebut.

**Am Jur 2d, Parent and Child §§ 34, 35.**

**3. Parent and Child § 1.6 (NCI3d)— termination of parental rights — failure to pay child support — willful**

The trial court did not err in a proceeding to terminate parental rights for failure to pay child support by finding and concluding that respondent's failure to pay was willful, despite evidence of an emotional breakdown, where respondent did not present evidence of the seriousness or extent of his emotional difficulties sufficient to rebut petitioner's showing of willfulness.

**Am Jur 2d, Parent and Child §§ 34, 35.**

**4. Parent and Child § 1.5 (NCI3d)— termination of parental rights — dispositional stage — no evidentiary burden of proof**

The trial court did not abuse its discretion by terminating respondent's parental rights following findings and conclusions that respondent had not provided support for one year. Although respondent argued that petitioner had failed to prove by clear, cogent, and convincing evidence that termination was in the children's best interest, the court in the dispositional stage makes a discretionary determination of whether termination of parental rights is in the children's best interest and petitioner does not carry an evidentiary burden at that stage.

**Am Jur 2d, Parent and Child §§ 34, 35.**

APPEAL by respondent from judgment entered on 10 November 1988 by *Judge Robert E. Bencini* in GUILFORD County District Court. Heard in the Court of Appeals 11 December 1989.

## IN RE ROBERSON

[97 N.C. App. 277 (1990)]

In July 1988, petitioner, mother of Isaac Clark Roberson and Jordan Edward Roberson, filed a petition for termination of the parental rights of respondent, father of the two children. Following a hearing, the court ordered respondent's parental rights to Isaac and Jordan terminated. From this order, respondent appeals. Additional pertinent facts are set out in the opinion.

*Hatfield & Hatfield, by Kathryn K. Hatfield, for petitioner appellee.*

*Anne R. Littlejohn, Attorney Advocate, for appellee.*

*Neill A. Jennings, Jr. for respondent appellant.*

ARNOLD, Judge.

This is a case in which respondent's parental rights were terminated pursuant to N.C. Gen. Stat. § 7A-289.32(5), which permits termination of parental rights upon a finding that:

> One parent has been awarded custody of the child by judicial decree, or has custody by agreement of the parents, and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition willfully failed without justification to pay for the care, support and education of the child, as required by said decree or custody agreement.

In the adjudication stage, petitioner must prove clearly, cogently, and convincingly the existence of at least one ground for termination. *In re Montgomery*, 311 N.C. 101, 110, 316 S.E.2d 246, 252 (1984).

[1] Respondent first assigns error to the trial court's finding of fact #8 and conclusion of law #14, both of which state:

> The Court finds that between February, 1987 and the filing of this Petition, Thomas Edward Roberson did willfully and without legal justification fail to provide for the care, support and education of his minor children for more than one year preceding the filing of this Petition in violation of a court order for support.

We must review the evidence to determine whether the finding of fact is supported by clear, cogent and convincing evidence and the conclusion of law is supported by the findings of fact. *Montgomery* at 111, 316 S.E.2d at 253. In reviewing the order, the findings

of fact to which respondent did not except are deemed to be supported by sufficient evidence and are conclusive on appeal. *In re Wilkerson*, 57 N.C. App. 63, 65, 291 S.E.2d 182, 183 (1982).

The conclusive findings of fact showed the following: On 19 September 1986, respondent was ordered to pay to petitioner $250 a month for the support of their two sons. Between 19 September 1986, when the support order was entered, and July 1988, when the termination petition was filed, respondent made two full support payments in September and October 1986 and a partial support payment in February 1987. Respondent made a second partial support payment on 5 August 1988, after the petition had been filed. On 7 June, 11 July, 8 August and 21 September 1988, respondent made payments to his son's child psychologist of between thirty and fifty dollars each.

Respondent acknowledges that he paid no support to petitioner between February 1987 and August 1988, a period of more than one year before the petition was filed. However, he argues that the payments during the relevant statutory time period to his son's child psychologist for his son's counseling constitute child support. We disagree. According to the copy of the child support order included in the record, respondent's support obligation was $250 a month to be paid to petitioner, not to pay the child psychologist for his son's counseling. We note that the payments to the child psychologist before the petition was filed totalled $75. Respondent offered no evidence that he was obligated by a custody decree or agreement to pay the child psychologist for his son's treatment. The trial court therefore correctly found and concluded that respondent failed to provide child support for more than one year preceding the filing of the termination petition in violation of a court order for support.

[2] Respondent makes several arguments that the finding and conclusion of willful failure to pay was erroneous. In proceedings under N.C. Gen. Stat. § 5A-21 to hold a supporting parent in contempt for willful failure to pay support, the following definitions of the word "willful" were cited with approval: "disobedience which imports knowledge and a stubborn resistance," "doing the act . . . without authority — careless whether he has the right or not — in violation of law." *Jones v. Jones*, 52 N.C. App. 104, 110, 278 S.E.2d 260, 264 (1981). (Citations omitted.) In proceedings conducted under former N.C. Gen. Stat. § 48-5, the predecessor of N.C. Gen. Stat.

## IN RE ROBERSON

[97 N.C. App. 277 (1990)]

§ 7A-289.32(8), which allows termination based upon a finding of "willful abandonment," the word "willful" implied doing an act purposely and deliberately. *In re Adoption of Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 513-14 (1986). "Willful intent . . . is a question of fact to be determined from the evidence." *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962).

Respondent first argues that the trial judge erred in finding and concluding that respondent's admitted failure to pay support during the relevant time period was willful because the order does not contain a finding of fact on respondent's ability to make support payments. In a termination action pursuant to this ground, petitioner must prove the existence of a support order that was enforceable during the year before the termination petition was filed. *See* N.C. Gen. Stat. § 7A-289.32(5). Because a proper decree for child support will be based on the supporting parent's ability to pay as well as the child's needs, N.C. Gen. Stat. § 50-13.4; *Atwell v. Atwell*, 74 N.C. App. 231, 234, 328 S.E.2d 47, 49 (1985), there is no requirement that petitioner independently prove or that the termination order find as fact respondent's ability to pay support during the relevant statutory time period. Moreover, there was evidence in the record that respondent was continuously employed and earning between $1,300 and $1,700 a month during the relevant statutory time period, except for a period of several weeks when he moved from Texas to North Carolina. Respondent could have rebutted petitioner's evidence of his ability to pay by presenting evidence that he was in fact unable to pay support, but he did not do so.

[3] Respondent next argues that the finding and conclusion of "willfulness" was erroneous because petitioner did not exclude respondent's psychological and emotional difficulties as the cause for respondent's failure to pay. Petitioner's evidence showed that respondent had been ordered to pay for his children's support and that he was fully aware of his obligation, yet he failed to pay for the relevant time period. Respondent testified that he had had a very serious emotional breakdown in November 1986 and that he had received counseling before and during the year preceding the filing of the petition. The trial judge determined from all the evidence that petitioner had shown by clear, cogent, and convincing evidence that respondent's failure to pay was willful. We agree that the evidence was sufficient for a finding of willful failure to pay. On different facts, a respondent-parent's psycho-

logical or emotional illness might rebut what a petitioner's evidence had shown to be willful behavior. Here, however, respondent did not present evidence as to the seriousness or extent of his emotional difficulties sufficient to rebut petitioner's showing of willfulness.

[4] Respondent next assigns error to the trial court's finding and conclusion that it was in the children's best interest to terminate respondent's parental rights. Respondent argues that petitioner failed to prove by clear, cogent, and convincing evidence that termination was in the children's best interest. At the adjudication stage, petitioner carries the burden of proving the existence of grounds for termination by clear, cogent and convincing evidence. N.C. Gen. Stat. § 7A-289.30(e); *In re White*, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38, *cert. denied*, 318 N.C. 283, 347 S.E.2d 470 (1986). Once the judge determines grounds for termination exist, the case enters the dispositional stage. At this stage, the court makes a discretionary determination whether termination of parental rights is in the children's best interest. N.C. Gen. Stat. § 7A-289.31(a); *White* at 85, 344 S.E.2d at 38. Petitioner does not carry an evidentiary burden at the dispositional stage. *See White* at 85, 344 S.E.2d at 38. In this case, the trial judge first determined that one of the grounds for termination did exist. He then declined to exercise his discretion not to terminate respondent's parental rights. This assignment of error has no merit.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.