DILLON, Judge.
 

 *482
 
 This appeal arises from a termination of parental rights action between two parents. Respondent-father ("Father") appeals from the trial court's order terminating his parental rights to the minor child, I.R.L. ("Ivey").
 
 [1]
 
 We hold that Father did not receive sufficient notice that his parental rights were subject to termination and that the trial court failed to make sufficient findings of fact and conclusions of law regarding the willfulness of Father's conduct. Therefore, we reverse and remand to the trial court.
 

 I. Background
 

 Petitioner-mother ("Mother") and Father were in a relationship, but not married, when Ivey was born in February 2014. The parties lived together from January 2015 until 31
 
 *904
 
 March 2015, when Father forced Mother to leave the home with Ivey. Mother has had sole custody of Ivey since her birth.
 

 In April 2016, Mother obtained a domestic violence protective order ("DVPO") against Father. According to the DVPO, on 18 March 2016, Father went to Mother's home late at night unannounced, banged on her door, and threatened to kill her. Father assaulted Mother by hitting and choking her. The DVPO was in effect for one year, until April 2017. The DVPO ordered Father not to have any contact with Mother, but did not forbid contact with any minor children residing with her.
 

 In March 2017, one month before the DVPO was set to expire, Father filed a pro se civil complaint for visitation with Ivey. That same day, Mother filed a petition to terminate Father's parental rights to Ivey
 
 *483
 
 alleging the grounds of failure to establish paternity, failure to pay support, and abandonment.
 
 See
 
 N.C. Gen. Stat. § 7B-1111(a)(5), (4), and (7) (2017). Mother alleged Father had not contacted or seen Ivey since March 2015 and had not paid any financial support.
 

 In February 2018, following a hearing on the matter, the trial court entered an order terminating Father's parental rights to Ivey, concluding that Father had failed to pay child support and had abandoned Ivey and that termination of Father's parental rights was in Ivey's best interests. Father timely appealed.
 

 II. Standard of Review
 

 We review a trial court's termination of parental rights "to determine whether clear, cogent, and convincing evidence exists to support the court's findings of fact, and whether the findings of fact support the court's conclusions of law."
 
 In re C.J.H.
 
 ,
 
 240 N.C. App. 489
 
 , 497,
 
 772 S.E.2d 82
 
 , 88 (2015). When the trial court's findings of fact "are supported by ample, competent evidence, they are binding on appeal, even though there may be evidence to the contrary."
 
 In re Williamson
 
 ,
 
 91 N.C. App. 668
 
 , 674,
 
 373 S.E.2d 317
 
 , 320 (1988). We review the trial court's conclusions of law
 
 de novo
 
 .
 
 See
 

 In re S.N.
 
 ,
 
 194 N.C. App. 142
 
 , 146,
 
 669 S.E.2d 55
 
 , 59 (2008) (citation omitted),
 
 aff'd per curiam,
 

 363 N.C. 368
 
 ,
 
 677 S.E.2d 455
 
 (2009).
 

 III. Analysis
 

 On appeal, Father argues that the trial court erred in two ways: (1) in concluding that his actions, or lack thereof, amounted to abandonment of Ivey, and (2) in concluding that his parental rights were subject to termination based on his alleged willful failure to pay child support.
 

 A. Abandonment
 

 Father argues the trial court erred by concluding his parental rights were subject to termination based on the ground of abandonment. More specifically, Father argues that the evidence and findings failed to show his lack of contact was willful in order to support a finding that this ground existed. We agree.
 

 A trial court may terminate parental rights when "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion." N.C. Gen. Stat. § 7B-1111(a)(7) (2017). Abandonment is "a willful determination to forego all parental duties and relinquish all parental claims to the child."
 
 In re Young
 
 ,
 
 346 N.C. 244
 
 , 251,
 
 485 S.E.2d 612
 
 , 617 (1997). "[I]f a parent
 
 *484
 
 withholds his presence, his love, his care, the opportunity to display filial affection, and willfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child."
 
 Pratt v. Bishop
 
 ,
 
 257 N.C. 486
 
 , 501,
 
 126 S.E.2d 597
 
 , 608 (1962).
 

 Here, the relevant six month period is 20 September 2016 to 20 March 2017. The trial court made the following findings regarding the ground of abandonment:
 

 6. That [Father] has not seen the child since March 31, 2015. That he has not visited the child or made any inquires to [Mother] about the child. [Father] has not provided any substantial financial support for the child.
 

 ...
 

 *905
 
 8. That [Father] never bought the child any birthday presents or acknowledged the child on [her] birthday.
 

 ...
 

 10. That [Father] has made no effort to visit the child even though he knew where the child was.
 

 ...
 

 13 That on April 22, 2016, [Mother] obtained a [DVPO] against [Father] for one year.
 

 14. That [Father] filed for visitation on March 20, 2017 in file 17 CVD 721, Robeson County, North Carolina.
 

 The court then concluded that grounds for termination existed in "[t]hat [Father] has not seen the child since March 31, 2015. That he has not visited the child or made any inquiries to [Mother] about the child. [Father] has not provided any substantial financial support for the child."
 

 The trial court's order fails to address the willfulness of Father's conduct, a required element under N.C. Gen. Stat. § 7B-1111(a)(4) and (7).
 
 In re D.R.B.
 
 ,
 
 182 N.C. App. 733
 
 , 738,
 
 643 S.E.2d 77
 
 , 80 (2007) ;
 
 see also
 

 In re D.M.O.
 
 , --- N.C. App. ----, ----,
 
 794 S.E.2d 858
 
 , 861 (2016) ("Because '[willful] intent is an integral part of abandonment and ... is a question of fact to be determined from the evidence[,]' a trial court must make adequate evidentiary findings to support its ultimate finding of willful intent."). The finding of willfulness was especially important given that the court found that during the entirety of the relevant six month period, Father was subject to a DVPO, in which he was ordered to stay away from and have no contact with Mother, who had custody of Ivey.
 

 *485
 
 Because Ivey was only three years old, any communication with, gifts to, or requests to visit her would have necessarily been directed to Mother; but the DVPO specifically prohibited Father from harassing or interfering with Mother and required him to stay away from her home and workplace. The only way Father could establish a way to see Ivey or communicate with her, without the risk of violating the DVPO, was to obtain a custody order establishing his visitation rights. Father did file a complaint seeking visitation with Ivey in March 2017, before the DVPO expired. While the DVPO did not prevent Father from providing financial support to Ivey, it did effectively prevent him from visiting, or trying to visit, Ivey as contact or communication with Mother was prohibited.
 

 Without a finding of willfulness, we conclude that the trial court failed to enter adequate findings of fact and conclusions of law to demonstrate that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(7) to terminate Father's parental rights.
 
 See
 

 In re T.M.H.
 
 ,
 
 186 N.C. App. 451
 
 , 455-56,
 
 652 S.E.2d 1
 
 , 3 (vacating the trial court's termination order and remanding where the order did not contain a finding that the respondent's abandonment of the juvenile was willful),
 
 disc. review denied
 
 ,
 
 362 N.C. 87
 
 ,
 
 657 S.E.2d 31
 
 (2007).
 

 B. Failure to Pay Child Support
 

 Father also argues that the trial court erred in concluding that his parental rights were subject to termination based on his willful failure to pay child support because the evidence and findings failed to support this ground. We agree.
 

 A trial court may terminate a parent's parental rights when
 

 [o]ne parent has been awarded custody of the juvenile by judicial decree or has custody by agreement of the parents, and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition or motion willfully failed without justification to pay for the care, support, and education of the juvenile,
 
 as required by the decree or custody agreement.
 

 N.C. Gen. Stat. § 7B-1111(a)(4) (2017) (emphasis added). "In a termination action pursuant to [ Section 7B-1111(a)(4) of our General Statutes], petitioner must prove the existence of a support order that was enforceable during the year before the termination petition was filed."
 
 In re Roberson
 
 ,
 
 97 N.C. App. 277
 
 , 281,
 
 387 S.E.2d 668
 
 , 670 (1990).
 

 *906
 

 *486
 
 Here, while both parties testified that a child support order was entered in December 2014 ordering father to pay $50.00 per month in child support, the trial court's termination order is devoid of any findings indicating that a child support order existed or that Father failed to pay support "as required by" the child support order. Accordingly, the trial court's findings are insufficient to support a conclusion that Father's parental rights were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(4).
 

 Further, the trial court could not terminate Father's parental rights based on this ground because the petition was insufficient to put Father on notice that his parental rights were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(4).
 
 See
 

 In re B.L.H.,
 

 190 N.C. App. 142
 
 , 147,
 
 660 S.E.2d 255
 
 , 258,
 
 aff'd per curiam,
 

 362 N.C. 674
 
 ,
 
 669 S.E.2d 320
 
 (2008) ("[W]here a respondent lacks notice of a possible ground for termination, it is error for the trial court to conclude such a ground exists.").
 

 In her petition to terminate Father's parental rights, Mother did not allege a "willful" failure to pay support as required by a support or custody agreement. Mother alleged only that Father "[h]as failed to provide substantial financial support or consistent care for the minor child[.]" The petition makes no reference to the specific statutory ground of N.C. Gen. Stat. § 7B-1111(a)(4) and the petition is entirely silent as to whether a judicial decree or support order required Father to pay for Ivey's care or support. The petition also fails to include any allegations asserting Father's failure to pay was willful.
 

 An allegation that a parent failed "to provide financial support or consistent care" may be an assertion under the ground of abandonment.
 
 See
 

 In re C.J.H.
 
 ,
 
 240 N.C. App. at 504
 
 ,
 
 772 S.E.2d at 92
 
 (affirming termination of the respondent-father's parental rights based on abandonment where the trial court found that "during the relevant six-month period, [the respondent-father] did not visit the juvenile, failed to pay child support in a timely and consistent manner, and failed to make a good faith effort to maintain or reestablish a relationship with the juvenile"). Indeed, in its conclusion of law pertaining to the ground of abandonment, the trial court concluded that Father "has not provided any substantial financial support for the child." Thus, Mother's bare allegation in the petition that Father "failed to provide substantial financial support or consistent care" is insufficient to put Father on notice that his parental rights could be terminated pursuant to N.C. Gen. Stat. § 7B-1111(a)(4), and this ground cannot serve as a basis to terminate Father's parental rights. Accordingly we reverse the portion of the trial court's order concluding this ground existed.
 

 *487
 
 IV. Conclusion
 

 We vacate the trial court's order and remand the matter to the trial court with instructions to make appropriate findings as to the willfulness of Father's conduct regarding abandonment. On remand, we leave to the discretion of the trial court whether to hear additional evidence.
 
 In re T.M.H.
 
 ,
 
 186 N.C. App. at 456
 
 ,
 
 652 S.E.2d at 3
 
 . We reverse the portion of the order concluding that grounds existed to terminate Father's parental rights based on his failure to pay support.
 

 REVERSED IN PART; VACATED AND REMANDED IN PART.
 

 Judges STROUD and BERGER concur.
 

 [1]
 

 A pseudonym is used to protect the juvenile's privacy and for ease of reading.