IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-382

Filed 07 February 2023

Randolph County, Nos. 20 JT 20, 20 JT 21

IN THE MATTER OF: A.H.D., V.I.D.

Appeal by respondent-father from orders entered 7 January 2022 by Judge Robert M. Wilkins in District Court, Randolph County. Heard in the Court of Appeals 10 January 2023.

*Kimberly Connor Benton for respondent-father.*

*No brief filed for petitioner-mother.*

STROUD, Chief Judge.

Father appeals from two orders terminating his parental rights as to each of his two children on the grounds he willfully failed to pay child support for a year or more preceding the filing of the termination petitions pursuant to N.C. Gen. Stat. § 7B-1111(a)(4) (2019). Because the Petitions gave Father adequate notice as to the acts, omissions, or conditions at issue in the case, they are a sufficient basis for the termination proceeding. Although the trial court failed to make Findings of Fact based upon the proper standard of proof of clear, cogent, and convincing evidence, the record includes sufficient evidence upon which the trial court could make the required

findings to support termination of Father's parental rights under § 7B-1111(a)(4), so we must reverse and remand.

## I.    Background

On or about 14 January 2020, Mother filed two "Verified Petition[s] For Termination of Parental Rights" to terminate Father's parental rights as to their two children, Ariel and Vanessa.[1]  (Capitalization altered.)  After including information about Mother's and Father's residences and the names and birthdates of the children, the Petitions alleged, in relevant part, Mother had "physical custody" of both children and alleged the following identical "grounds for termination" of Father's parental rights:

> b. That for more than one (1) year [Father] has had no contact with the minor child. [Father] has not visited or contacted the minor child since May 6, 2018;
> c. That for more than one (1) year, [Father] has failed and refused to pay child support. He has not paid child support since May 6, 2018;
> d. That [Father] is therefore subject to termination of his parental rights pursuant to North Carolina General Statutes § 7B[.]

On or about 5 March 2020, Father filed responses admitting his and Mother's residences and the children's names and birthdates but denying all other allegations.

The trial court held a hearing in the termination proceeding on 1 November 2021.  The trial court indicated at the start of the hearing that it first wanted "to hear

---

[1] We use pseudonyms to protect the children's identity.

testimony and evidence about whether there are any grounds for termination of parental rights" and then would receive testimony of the children's best interests after that "if appropriate[.]"

During the portion of the hearing focused on the grounds for terminating parental rights, Mother and Father testified. Mother first testified she took physical custody of the children after the parents separated on 6 May 2018 because Father went to jail for committing a crime against Mother's sister. Following the separation, Father had no contact with the children because "[h]e never asked." Mother also testified she got a custody order granting her permanent custody in June 2018; she had a child support order entered in July 2018. The child support order required Father to pay approximately $1,100 per month. Mother testified between 2018 and 2020 when she filed the Petitions, Father had "just refused to pay" leading to "over $20,000.00 in arrears[,]" although after the Petitions were filed he made "three or four payments" of "at most $500" as a result of "[c]hild support enforcement[.]"

At the grounds portion of the termination hearing, Father testified about his employment and child support payments. Father operated his own store before his arrest, but Mother sold all the contents of his store right after he went to jail. Upon his pre-trial release from jail at the end of May 2018, Father took about six months "to get started back up" running "another small business[,]" and he continued doing that work until he was convicted of the crime against Mother's sister in February 2021 and sentenced to over a decade in prison. Father testified he gave Mother cash

payments around the "end of 2018" that were "for the benefit of the children[.]" Father also said he gave Mother "cash a few times" in 2019, but he was not able to pay the full $1,100 per month required by the child support order. Beyond his employment and child support, Father testified he tried to reach out to Mother and the children "[a]t least a couple times a week" but Mother told him to stop calling her. Father could not have visits with the children or contact them because of the conditions of his house arrest.

Following that testimony, both attorneys made arguments on the grounds for termination. The arguments by Mother's attorney focused on the ground Father had failed to pay child support. Father's attorney first argued the abandonment ground did not apply because: the trial court lacked clear, cogent, and convincing evidence given the conflicting testimony; his pre-trial release conditions prevented him from having contact with the children; and he did not have Mother's new address where he could send letters to the children. As to the willful failure to pay child support ground, Father's attorney argued there was no evidence of the child support order beyond Mother's testimony and there was too much "confusing" and "conflicting" testimony about payments Father made for there to be clear, cogent, and convincing evidence of a willful failure to pay.

Following those arguments, the trial court ruled the abandonment ground was not supported because "there [was] a question as to how wilful [sic] his failure to have contact with the children would have been" given the testimony about pre-trial

release conditions and the lack of "legal documents" on such conditions. The trial court found the willful failure to pay child support ground "exist[ed]" based on Father's non-compliance "with the terms of the child support order that was reportedly entered approximately July 2018." The trial court then moved on to the best interest stage without making any additional oral findings or indicating the standard of proof it was employing for the Findings of Fact.

At the best interest stage, the guardian *ad litem* ("GAL") for both children, Mother, Mother's new husband, and Father testified. The GAL testified about his investigative steps and recommendation, and the court received his report into evidence. Mother testified about: Father's relationship with the children; Father yelling and making demeaning comments towards her in front of the children; her new husband, and his relationship with the children, including his plan to adopt them; the relationship her family had with the children; and her employment and child care arrangements. Mother's new husband testified about: his relationship with the children, his plan to adopt the children following the termination proceedings, and his family's relationship with the children. Finally, Father testified about: his relationship with the children, his family's relationship with the children, and his lack of child support payments.

After that testimony, Mother's attorney, Father's attorney, and the GAL made arguments on best interests. The trial court then reviewed the required factors under N.C. Gen. Stat. § 7B-1110 and ruled it was in the children's best interests to

terminate Father's parental rights.

On 7 January 2022, the trial court entered two Orders, one for each child, terminating Father's parental rights. Each Order began with the trial court making Findings of Fact as to adjudicatory grounds and then as to dispositional best interests, but the trial court did not state the standard of proof for the Findings of Fact. In the adjudicatory grounds portion of each Order, the trial court made Findings on custody and the child's name and residence; the history of Mother and Father's relationship; and Father's subsequent incarceration. The trial court then made two Findings on child support that were identical in each Order:

> 8. [Mother] testified that in July, 2018, a child support order was put in place for [Father] to pay child support. [Father] has failed and refused for more than one (1) year to pay child support pursuant to the child support order for the use and benefit of the minor child. [Father] has not paid child support since May 6, 2018, and he is more than $20,000.00 in arrears.
>
> 9. Pursuant to 7B-1111(a)(4), [Mother] has custody of the minor child by agreement of the parties, and [Father], whose parental rights are sought to be terminated for a period of one year or more next preceding the filing of the Petition, has willfully and without justification failed to pay for the care, support, education of the minor child as required and decreed by the child support order. Therefore, there are grounds to terminate parental rights against [Father].

The trial court then made best interests Findings as to both children addressing: their relationships with Mother, Father, and Mother's new husband; Mother's allegations about Father's abusive actions towards Mother; the GAL's

recommendation; and the plan for Mother's new husband to adopt the children.

Based on these Findings, the trial court concluded all parties were "properly before" it; "[t]here exist grounds for the termination of parental rights" of Father; and "[i]t would be in the best interest of the minor" children if Father's parental rights were terminated. Based upon those Findings and Conclusions, the trial court terminated Father's parental rights. Father timely filed written notice of appeal.[2]

## II. Analysis

On appeal, Father challenges both the termination Petitions and the adjudicatory portion of the termination Orders. Father argues the Petitions "failed to allege grounds existed to terminate" his "parental rights" under N.C. Gen. Stat. § 7B-1111(a)(4). As to the Orders, Father first contends the trial court violated his "constitutional rights by failing to make findings of fact based upon clear, cogent, and convincing evidence[,]" as required at the adjudicatory stage of a termination proceeding. Father then asserts the trial court "erred in finding" he "had willfully failed to pay child support for more than twelve months prior to the filing of the termination of parental rights petition" such that it erred in terminating his rights

---

[2] The trial court entered the termination orders on 7 January 2022. Father did not file his written notice of appeal until 18 February 2022, which was more than 30 days after the trial court entered the orders on appeal. *See* N.C. Gen. Stat. § 7B-1001(b) (2021) ("Notice of appeal . . . shall be made within 30 days after entry and service of the order[.]"). But Father was not served with the termination orders until 21 January 2022, so he filed notice of appeal within 30 days "after entry *and service* of the order" as required. N.C. Gen. Stat. § 7B-1001(b) (emphasis added); *see also In re J.M.K.*, 261 N.C. App. 163, 165, 165 n.2, 820 S.E.2d 106, 107, 107 n.2 (2018) (explaining the father timely filed notice of appeal even though more than 30 days had passed since the order was entered because the father was not served until 7 days before he filed the notice of appeal).

under N.C. Gen. Stat. § 7B-1111(a)(4). We address each contention in turn.

## A. Sufficiency of Termination Petitions

Father first argues the Petitions in this case "failed to allege grounds existed to terminate" his parental rights under N.C. Gen. Stat. § 7B-1111(a)(4). Specifically, Father contends the Petitions were "insufficient to put him on notice his rights were subject to termination under this" statutory ground because, like in a case from this Court, *In re I.R.L.*, 263 N.C. App. 481, 823 S.E.2d 902 (2019), the Petitions: "failed to reference a specific statutory ground under" N.C. Gen. Stat. § 7B-1111; "failed to allege there was a judicial decree or support order requiring" Father "to financially support" the children; and "failed to allege" Father "willfully failed to pay any support."

Petitions in termination of parental rights cases must state "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." N.C. Gen. Stat. § 7B-1104(6) (2019). "[W]hile there is no requirement that the factual allegations be exhaustive or extensive, they must put a party on notice as to what acts, omissions or conditions are at issue." *In re B.C.B.*, 374 N.C. 32, 34, 839 S.E.2d 748, 751 (2020) (citation and quotation marks omitted). The allegations in a petition do not need to include the "precise statutory provision ultimately found by the trial court" as long as the petition includes sufficient factual allegations. *In re A.H.*, 183 N.C. App. 609, 614-15, 644 S.E.2d 635, 638-39 (2007) (indicating a citation to the precise statutory provision is not required before finding

adequate notice based on the facts alleged); *see In re B.L.H.*, 190 N.C. App. 142, 147, 660 S.E.2d 255, 257 (2008) ("Where the factual allegations in a petition to terminate parental rights do not refer to a specific statutory ground for termination, the trial court may find any ground for termination under N.C.G.S. § 7B–1111 as long as the factual allegations in the petition give the respondent sufficient notice of the ground."). For example, in *In re A.H.*, this Court found the termination petition was sufficient even though it "did not specifically" include citation to the statutory grounds for termination because the petition's language "directly parallel[ed]" the statutory language in making factual allegations. *In re A.H.*, 183 N.C. App. at 615, 644 S.E.2d at 638-39.

Here, the trial court terminated Father's parental rights for both children based on N.C. Gen. Stat. § 7B-1111(a)(4). N.C. Gen. Stat. § 7B-1111(a)(4) permits termination of parental rights when:

> One parent has been awarded custody of the juvenile by judicial decree or has custody by agreement of the parents, and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition or motion willfully failed without justification to pay for the care, support, and education of the juvenile, as required by the decree or custody agreement.

N.C. Gen. Stat. § 7B-1111(a)(4). As a result, the Petitions here needed to put Father on notice that Mother sought to terminate his parental rights due to his willful failure to pay child support. *See In re B.C.B.*, 374 N.C. at 34, 839 S.E.2d at 751 (explaining

a petition to terminate parental rights "must put a party on notice as to what acts, omissions or conditions are at issue").

Here, the Petitions included the following identical "grounds for termination":

> b. That for more than one (1) year [Father] has had no contact with the minor child. [Father] has not visited or contacted the minor child since May 6, 2018;
> c. That for more than one (1) year, [Father] has failed and refused to pay child support. He has not paid child support since May 6, 2018;
> d. That [Father] is therefore subject to termination of his parental rights pursuant to North Carolina General Statutes § 7B[.]

While the Petitions' language is not "exhaustive or extensive," *see generally id.* (indicating allegations do not need to be exhaustive or extensive), the Petitions indicated Father had "failed and *refused* to pay child support" for approximately a year-and-a-half, (emphasis added), thereby fulfilling the requirement of notice of the specific ground on which Mother sought to terminate Father's parental rights, namely willful failure to pay child support for more than a year pursuant to N.C. Gen. Stat. § 7B-1111(a)(4). *See* N.C. Gen. Stat. § 7B-1111(a)(4). Notably, of all eleven statutory grounds to terminate parental rights, only § 7B-1111(a)(4) addresses the failure to pay the other parent in order to support the child pursuant to a court order or custody agreement, *i.e.* child support. N.C. Gen. Stat. § 7B-1111(a).

Father's argument to the contrary does not convince us. Father argues the Petitions here are "substantially like" the petitions in another case from this Court, *In re I.R.L.* Specifically he alleges the Petitions here, like the ones in *In re I.R.L.*,

failed to allege: the specific statutory ground for termination; a judicial decree or support order requiring Father to financially support the children; and willful failure to pay.

In *In re I.R.L.*, the mother alleged the father had "failed to provide substantial financial support or consistent care for the minor child[,]" and the trial court terminated the father's parental rights for willful failure to pay child support under N.C. Gen. Stat. § 7B-1111(a)(4). *In re I.R.L.*, 263 N.C. App. at 486, 823 S.E.2d at 906. This Court found that petition insufficient to put the father on notice his parental rights could be terminated under § 7B-1111(a)(4) based on a combination of four factors. *See id.* First, the petition did not make a "reference to the specific statutory ground of N.C. Gen. Stat. § 7B-1111(a)(4)[.]" *Id.* Second, the petition was "entirely silent as to whether a judicial decree or support order required [the f]ather to pay for [the child's] care or support." *Id.* Third, the petition failed "to include any allegations asserting [the f]ather's failure to pay was willful." *Id.* Fourth, "[a]n allegation that a parent failed to provide financial support or consistent care may be an assertion under the ground of abandonment." *Id.* (citation and quotation marks omitted).

Here, only two of the factors are present. The Petitions here do not reference the specific statutory ground in that they do not cite to § 7B-1111(a)(4), but this factor alone does not have significant weight because of our caselaw indicating "a petition will not be held inadequate simply because it fails to allege the precise statutory provision[.]" *In re A.H.*, 183 N.C. App. at 614, 644 S.E.2d at 638. The only other

factor from *In re I.R.L.* present in the Petitions here is the lack of allegation about a "judicial decree or support order" requiring Father to pay child support. *See In re I.R.L.*, 263 N.C. App. at 486, 823 S.E.2d at 906. While it would be better practice to include such an allegation specifically, Father does not include any caselaw saying the failure to plead the child support order alone renders a petition insufficient. Thus, even the two factors that make this case similar to *In re I.R.L.* have less significance here. *See id.*

Additionally, the other two factors from *In re I.R.L.*, *see id.*, weigh in favor of the sufficiency of the Petitions here. The Petitions allege Father willfully failed to pay through their use of the word "refused[.]" The word "refused" indicates an active decision not to pay. *See Joyner v. Garrett*, 279 N.C. 226, 233, 182 S.E.2d 553, 558 (1971) ("In Black's Law Dictionary (4th Ed., 1951) *refusal* is defined as 'the declination of a request or demand, or the omission to comply with some requirement of law, *as the result of a positive intention to disobey*.'" (second emphasis added)). Put another way, an active decision not to pay *is* a willful decision not to pay.

Beyond the allegation of willfulness, the Petitions here also differ from *In re I.R.L.* because their language cannot be construed as an allegation of a separate ground. *See In re I.R.L.*, 263 N.C. App. at 486, 823 S.E.2d at 906 (finding petition insufficient in part because the language could be an assertion of the ground of abandonment in addition to the willful failure to pay child support). In *In re I.R.L.* the petition spoke only of a failure to provide financial support, *id.*, but here the

Petitions specifically allege Father "refused to pay child support." While other grounds in § 7B-1111(a) can be based on the *failure* to pay support, *see, e.g.* N.C. Gen. Stat. § 7B-1111(a)(5)(d) (permitting termination of a father's parental rights when the child was born out of wedlock and the father did not "[p]rovide[] substantial financial support"), and even the *failure* to pay child support, *see In re I.R.L.*, 263 N.C. App. at 486, 823 S.E.2d at 906 (indicating the failure to pay child support could support an allegation of abandonment by citing to this Court's case in *In re C.J.H.*, 240 N.C. App. 489, 504, 772 S.E.2d 82, 92 (2015)), no other ground involves the *willful failure* to pay child support.

Therefore, by alleging Father "refused to pay child support[,]"the Petitions are sufficient to give Father adequate notice "as to what acts, omissions or conditions are at issue." *In re B.C.B.*, 374 N.C. at 34, 839 S.E.2d at 751. As a result, the Petitions are sufficient and can be the basis for a termination of parental rights proceeding. *See id.*

**B. Challenges to Adjudicatory Portion of Termination Orders**

In addition to challenging the sufficiency of the Petitions, Father argues the trial court committed multiple errors in the Orders terminating his parental rights. Father first asserts the trial court erred by "failing to make findings of fact based upon clear, cogent, and convincing evidence[,]" which it was constitutionally required to do at the adjudicatory stage. Father then argues the trial court erred in

terminating his rights under N.C. Gen. Stat. § 7B-1111(a)(4).  After discussing the standard of review, we address Father's arguments.

### 1.  *Standard of Review*

When reviewing the adjudicatory stage of a termination of parental rights proceeding, we must "determine whether the findings are supported by clear, cogent and convincing evidence and [whether] the findings support the conclusions of law." *In re D.W.P.*, 373 N.C. 327, 330, 838 S.E.2d 396, 400 (2020) (citation and quotation marks omitted).

### 2.  *Failure to Make Findings Based on Clear, Cogent, and Convincing Evidence*

We first address Father's argument the trial court violated his "constitutional rights by failing to make findings of fact based upon clear, cogent, and convincing evidence[.]"  Our statutes mandate that adjudicatory Findings "shall be based on clear, cogent, and convincing evidence."  N.C. Gen. Stat. § 7B-1109(f) (2019).  This "statutory burden of proof . . . protects a parent's constitutional due process rights as enunciated by the United States Supreme Court[.]" *In re J.C.*, 380 N.C. 738, 742, 869 S.E.2d 682, 685 (2022) (citing *Santosky v. Kramer*, 455 U.S. 745, 747-48, 71 L. Ed. 2d 599 (1982); *Adams v. Tessener*, 354 N.C. 57, 63, 550 S.E.2d 499 (2001)).  In order to satisfy the requirement of § 7B-1109(f), and therefore appropriately protect parents' constitutional rights, *see id.*, a trial court must "announce[] the 'clear, cogent, and convincing' standard of proof *either* in making findings of fact in the written

termination order or in making such findings in open court." *In re B.L.H.*, 376 N.C. 118, 126, 852 S.E.2d 91, 97 (2020) (emphasis in original).

Here, the trial court failed to meet that standard. Both written Orders only state the trial court made "the following findings of fact[.]" The written Orders do not include any standard of proof, including the required clear, cogent, and convincing standard. *See* N.C. Gen. Stat. § 7B-1109(f). The trial court also did not announce the standard of proof in open court when making its ruling at the adjudicatory portion of the hearing. Therefore, the trial court erred by not announcing it was making Findings based on the clear, cogent, and convincing standard of proof. *See, e.g., In re M.R.F.*, 378 N.C. 638, 642, 862 S.E.2d 758, 762 (2021) ("In the present case, however, the trial court failed to announce the standard of proof for its adjudicatory findings either in open court *or* in its written order. Therefore, the trial court failed to comply with the statutory mandate." (emphasis in original)).

When a trial court errs by not making findings using the clear, cogent, and convincing standard of proof, the reviewing court must at a minimum reverse for that error. *See In re J.C.*, 380 N.C. at 743, 747, 869 S.E.2d at 686, 688; *In re M.R.F.*, 378 N.C. at 642-43, 862 S.E.2d at 762-63. A case reversed on these grounds can be remanded to the trial court for it to "review and reconsider the record before it by applying the clear, cogent, and convincing standard to make findings of fact . . . unless 'the record of th[e] case is insufficient to support findings which are necessary to establish *any* of the statutory grounds for termination.'" *In re J.C.*, 380 N.C. at 746,

- 15 -

869 S.E.2d at 688 (quoting *In re M.R.F.*, 378 N.C. at 648, 862 S.E.2d at 766) (emphasis in original). Two examples are illustrative of the difference between a case that *can* be reversed and remanded to the trial court and a case that *must* be reversed without remand. In *In re J.C.*, our Supreme Court reversed and remanded because it could not "say that remand of this case for the trial court's consideration of the evidence in the record utilizing the proper clear, cogent, convincing standard of proof would be futile, so as to compel us to conclude that the record of this case is insufficient to support findings which are necessary to establish any of the statutory grounds for termination." *In re J.C.*, 380 N.C. at 747, 869 S.E.2d at 688 (citations, quotation marks, and emphasis omitted). By contrast, in *In re M.R.F.*, our Supreme Court was "compelled to simply, *without remand*, reverse the trial court's order" because of the "petitioner's failure to present sufficient evidence to support any of the alleged grounds for the termination of the parental rights of respondent father[.]" *In re M.R.F.*, 378 N.C. at 642-43, 862 S.E.2d at 762-63 (emphasis in original).

Thus, we must determine whether "the record of this case is insufficient to support findings which are necessary to establish any of the statutory grounds for termination." *In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688 (citations, quotation marks, and emphasis omitted). If Mother did not present sufficient evidence of the ground for termination—willful failure to pay child support under N.C. Gen. Stat. § 7B-1111(a)(4)—we must reverse without remand. *See In re M.R.F.*, 378 N.C. at 642-43, 862 S.E.2d at 762-63. If she presented sufficient evidence of that ground, we will

reverse and remand for the trial court to "review and reconsider the record before it by applying the clear, cogent, and convincing standard to make findings of fact." *In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688. Father's remaining arguments on appeal address the sufficiency of the evidence and Findings on § 7B-1111(a)(4), so we turn to those arguments now.

### 3. Sufficiency of the Evidence and Findings as to § 7B-1111(a)(4)

Father makes multiple specific arguments as part of his general argument that the trial court erred by terminating his parental rights under § 7B-1111(a)(4). All of his arguments relate to the sufficiency of the evidence presented by Mother or the sufficiency of the Findings made by the trial court to support its conclusion that Father's parental rights were subject to termination under § 7B-1111(a)(4). Under § 7B-1111(a)(4), the petitioner must present evidence and the trial court must make findings of fact on two elements:

> (1) that an order or parental agreement requiring the payment of child support was in effect . . . and (2) that the party whose parental rights were sought to be terminated had [willfully] not paid child support as required by the order or parental agreement within the year preceding the entry of the petition.

*In re S.R.*, 283 N.C. App. 149, 158-59, 872 S.E.2d 406, 413 (2022) (citing *In re C.L.H.*, 376 N.C. 614, 620, 853 S.E.2d 434, 439 (writing quoted language in the context of what the petitioner must show before going on to discuss the first requirement in the context of whether the "trial court's findings of fact were []sufficient to support the

termination" of parental rights); N.C. Gen. Stat. § 7B-1111(a)(4) (including the requirement that the failure to pay be willful).

Father's arguments relate to both elements. As to the existence of a child support order, Father first argues "[t]here was no evidence presented to prove the existence of a valid child support order." Father also argues the trial court's Findings were insufficient to establish the existence of a child support order, and thus the Findings did not support terminating Father's parental rights under § 7B-1111(a)(4), because the only Finding "to address the existence of a child support order[,]" is not "valid" and must be "disregarded" since it only recounts Mother's testimony. Turning to the second element, Father contends "there was insufficient evidence to support the court's conclusion [Father's] failure [to] pay child support was without justification" and the trial court "failed to make any findings of fact regarding the willfulness of his failure to pay child support." Thus, on the two elements Father contests—the existence of a child support order and the willfulness of his failure to pay—he argues both Mother presented insufficient evidence and the trial court's Findings are insufficient to support its Conclusion that his parental rights can be terminated.

Since we must already at least reverse because of the trial court's failure to make Findings by clear, cogent, and convincing evidence, we need only address whether Mother presented sufficient evidence as to each element. As explained above, we can remand based on the trial court's failure to state the proper standard

of proof as long as Mother presented sufficient evidence to support termination under § 7B-1111(a)(4). The same is true if the trial court's Findings are insufficient to support its Conclusion of Law that Father's rights could be terminated on that ground; as long as Mother presented sufficient evidence, we can remand for entry of a new order. *See In re C.L.H.*, 376 N.C. 614, 622-23, 853 S.E.2d 434, 441 (2021) ("Where, as in this matter, the 'trial court's adjudicatory findings were insufficient to support its conclusion that termination of the parent's rights was warranted, but the record contained additional evidence that could have potentially supported a conclusion that termination was appropriate,' we 'vacate[] the trial court's termination order and remand[ ] the case for further proceedings, including the entry of a new order containing findings of fact and conclusions of law addressing the issue of whether [the] ground for termination existed.'" (quoting *In re K.N.*, 373 N.C. 274, 284, 837 S.E.2d 861, 869 (2020) (brackets in original)). Thus, as to each of the two elements Father contests, if Mother presented sufficient evidence of the element, we can reverse and remand the case rather than reverse it outright. *See In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688 (allowing remand only if sufficient evidence has been presented); *In re C.L.H.*, 376 N.C. at 622-23, 853 S.E.2d at 441 (same).

Looking at the first element, Mother presented sufficient evidence of "an order or parental agreement requiring the payment of child support[.]" *In re S.R.*, 283 N.C. App. at 158, 872 S.E.2d at 413. Although our record does not include a child support order, Mother testified about the existence of the child support order, which dated

back to July 2018:

> Q. Okay. From 5/6/2018 until today has [Father] paid any child support in this case?
>
> A. He did not pay any until he was forced to by child support. I did have a child support order, but like soon after (inaudible). But, nothing was ever paid on that. I did get taxes back, his taxes back once, and then there was –
> . . .
>
> THE COURT: Right. So, back to this child support; you got a child support order approximately June of 2018?
>
> A. I believe it was in July.
>
> THE COURT: Right. July - approximately July of 2018 you got a child support order. How much did they order him to pay?
>
> A. $1,098.00 a month.
>
> THE COURT: $1,098.00, okay. Is that here in Randolph County?
>
> A. Yes, sir.

Mother's testimony provides sufficient evidence on the issue of the existence of a child support order as the first element of the termination of Father's parental rights under § 7B-1111(a)(4). In *In re C.L.H.*, our Supreme Court had to determine whether there was "evidence in the record which might support a conclusion that grounds existed to terminate respondent's parental rights pursuant to" § 7B-1111(a)(4) that would allow for vacatur and remand given the trial court did not make a finding that the respondent failed to pay as required by a child support order. *In*

- 20 -

*re C.L.H.*, 376 N.C. at 621-23, 853 S.E.2d at 440-41. The *In re C.L.H.* Court found such evidence in the record in part because "petitioner testified that there was a child support order in place at the time of the termination hearing." *Id.* at 621-22, 853 S.E.2d at 440. Similarly here, Mother's testimony about the existence of a child support order is sufficient evidence to meet her burden of presenting evidence for the first element under § 7B-1111(a)(4). *See id.*; *In re S.R.*, 283 N.C. App. at 158-59, 872 S.E.2d at 413 (delineating elements of § 7B-1111(a)(4)).

We also note Father testified, and he never disputed that he was required to pay child support under a court order. Father acknowledged the existence of a child support order but simply claimed he was unable to pay at certain times. For example, Father was asked on cross-examination if he had ever moved the court to reduce his child support when his income went down, and Father stated, "I tried to, yes." Father also stated he "went to court once and got it continued." Father did not dispute the existence of a child support order but admitted he had unsuccessfully tried to reduce his child support obligation. Despite Mother's testimony about the child support order and Father's own testimony acknowledging his child support obligation, Father asks us to place a higher burden on Mother than the law provides by requiring Mother to present a copy of the child support order as evidence. *See In re C.L.H.*, 376 N.C. at 621-22, 853 S.E.2d at 440 (finding testimony a child support order was in place at the time of the termination hearing sufficient to support termination for willful failure to pay child support).

The trial court noted Mother's testimony about the existence of a child support order in the Finding Father challenges, Finding 8. In each Order terminating Father's parental rights, Finding 8 states:

> [Mother] testified that in July, 2018, a child support order was put in place for [Father] to pay child support. [Father] has failed and refused for more than one (1) year to pay child support pursuant to the child support order for the use and benefit of the minor child. [Father] has not paid child support since May 6, 2018, and he is more than $20,000.00 in arrears.

Since we must reverse and remand for entry of a new order based upon the failure to identify the standard of proof, we also note that this Finding is defective as it is a recitation of testimony and not a true finding of fact. As Father argues, "[a]ccording to well-established North Carolina law, recitations of the testimony of each witness do not constitute findings of fact by the trial judge." *In re A.C.*, 378 N.C. 377, 383-84, 861 S.E.2d 858, 867 (2021) (citation, quotation marks, and brackets omitted). The first line of Finding 8 merely recites Mother's testimony and thus it is not a Finding of Fact this Court would have been able to rely upon if we had to evaluate the overall validity of the trial court's termination Orders. *See id.* (noting our Supreme Court "disregarded the language" that merely recited testimony by a witness when "determining the validity of the trial court's termination order"). Again this discussion does not impact our decision on whether to remand because Mother presented sufficient evidence to support a finding that a child support order was put in place in July 2018. *See In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688; *In re C.L.H.*,

376 N.C. at 622-23, 853 S.E.2d at 441. But we note this issue for the benefit of the trial court on remand. The trial court's Findings of Fact on remand should not simply recite the testimony on this crucial fact; the existence of a child support order is necessary for termination of parental rights under § 7B-1111(a)(4), *see In re S.R.*, 283 N.C. App. at 158, 872 S.E.2d at 413, and the trial court would need to make this finding by clear, cogent and convincing evidence to support the order of termination. *See* N.C. Gen. Stat. § 7B-1109(f) (requiring trial court to make all findings of fact based on this standard).

Turning to the second element of § 7B-1111(a)(4), we must determine whether Mother presented evidence sufficient to support a Finding that Father willfully failed to pay for a year preceding the filing of the Petitions. *See In re S.R.*, 283 N.C. App. at 158-59, 872 S.E.2d at 413 (delineating this second element); *see also* N.C. Gen. Stat. § 7B-1111(a)(4) (clarifying the failure to pay must be willful). In the context of termination of parental rights for willful failure to pay child support under § 7B-1111(a)(4), the word "'willful' . . . has been defined as 'disobedience which imports knowledge and a stubborn resistance, doing the act . . . without authority—careless whether he has the right or not—in violation of law'" and "as 'doing an act purposely and deliberately.'" *Bost v. Van Nortwick*, 117 N.C. App. 1, 14, 449 S.E.2d 911, 919 (1994) (second ellipses in original) (quoting *In re Roberson*, 97 N.C. App. 277, 280-81, 387 S.E.2d 668, 670 (1990)) (defining "willful" under the old version of the statute, N.C. Gen. Stat. § 7A-289.32(5)); *see In re J.D.S.*, 170 N.C. App. 244, 257, 612 S.E.2d

350, 358 (2005) (indicating N.C. Gen. Stat. § 7A-289.32(5) is "now codified as G.S. § 7B-1111(a)(4)"). Father here argues there was "insufficient evidence" to support a Finding "his failure to pay child support was willful" because he lacked the ability to pay.

Focusing on Father's argument about the lack of evidence on his ability to pay, our Supreme Court recently noted with approval this Court's longstanding precedent that "[b]ecause a proper decree for child support will be based on the supporting parent's ability to pay as well as the child's needs, . . . there is no requirement that [the] petitioner independently prove or that the termination order find as fact [the] respondent's ability to pay support during the relevant statutory time period." *In re C.L.H.*, 376 N.C. at 622, 853 S.E.2d at 440-41 (ellipses in original) (quoting *In re J.D.S.*, 170 N.C. App. at 257, 612 S.E.2d at 358, which in turn quoted *In re Roberson*, 97 N.C. App. at 281, 387 S.E.2d at 670) (so noting after explaining it was not necessary to reach the issue of whether a failure to pay was willful because the case was already being remanded on the grounds the trial court failed to make a finding on the existence of a child support order). Thus, because Mother here testified to the existence of a valid child support order, she did not need to "independently prove" Father had an ability to pay in order to present sufficient evidence to support a Finding that Father willfully failed to pay. *Id.*

Father's arguments about his lack of ability to pay do not change our decision that Mother presented sufficient evidence of willful failure to pay, although the trial

court will need to make new Findings on remand, as discussed above. Father first indicates he "offered evidence to rebut" Mother's evidence of his ability to pay. Father testified he was unable to pay the full amount of child support during the relevant time period. But Father also testified he was self-employed from late 2018 until 2021, which corresponded with the time Father was on pre-trial release from jail, and that testimony indicates Father had the ability to pay at least some money during the time period. Mother testified, however, Father paid nothing between 2018 and when she filed the Petitions in January 2020. This testimony thus provides evidence Father had at least some ability to pay during the relevant time period.

But this testimony revealing Father had some ability to pay is ultimately not relevant for the current decision of whether we can remand the case or must reverse it outright. While Father could "present evidence to prove he was unable to pay child support in order to rebut a finding of willful failure to pay[,]" *Bost*, 117 N.C. App. at 16, 449 S.E.2d at 919, to determine whether we can remand the case, we only need to determine whether Mother presented sufficient evidence on which the trial court *could* have found Father willfully failed to pay. *See In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688; *In re C.L.H.*, 376 N.C. at 622-23, 853 S.E.2d at 441. The trial court has the duty of determining the credibility and weight of all the evidence, and only the trial court can make the findings of fact resolving any conflicts in the evidence. *See, e.g., In re D.W.P.*, 373 N.C. 327, 330, 838 S.E.2d 396, 400 (2020) ("[I]t is the duty of the trial judge to pass upon the credibility of the witnesses and the weight to be

given their testimony and the reasonable inferences to be drawn therefrom. The trial judge's decisions as to the weight and credibility of the evidence, and the inferences drawn from the evidence are not subject to appellate review." (citations, quotation marks, and brackets omitted)). As we have explained, Mother presented such sufficient evidence when she testified a valid child support order required Father to pay. *See In re C.L.H.*, 376 N.C. at 622, 853 S.E.2d at 440-41.

In his other argument, Father contends we should interpret § 7B-1111(a)(4) "in *pari materia*" with N.C. Gen. Stat. § 5A-21's provisions on civil contempt for failure to pay child support because "terminating parental rights is far more severe" than holding a parent in civil contempt and doing so is necessary "[t]o protect a parent's constitutional rights[.]" Specifically, Father asserts, based on this Court's decision in *Cty. of Durham ex rel. Durham DSS v. Burnette*, 262 N.C. App. 17, 821 S.E.2d 840 (2018), the trial court should have looked at his "current circumstances" with regard to ability to pay "regardless of when the original child support order was entered." Father contends the trial court "made no efforts" to undertake that inquiry in this case. We do not need to address this argument from Father because it focuses on the sufficiency of the trial court's Findings rather than on the sufficiency of the evidence Mother presented, the latter of which determines whether we can remand the case. *See In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688; *In re C.L.H.*, 376 N.C. at 622-23, 853 S.E.2d at 441.

Thus, Mother presented sufficient evidence of both elements of § 7B-1111(a)(4). Because Mother presented sufficient evidence upon which the trial court could have made Findings to support a conclusion that Father's parental rights could be terminated under N.C. Gen. Stat. § 7B-1111(a)(4), we can remand the case rather than reverse it outright. *See In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688; *In re C.L.H.*, 376 N.C. at 622-23, 853 S.E.2d at 441. The trial court is not required to make any particular finding on remand; the trial court instead must make the findings, based upon clear, cogent, and convincing evidence, it determines are appropriate based on the evidence. *See, e.g., In re N.W.*, 381 N.C. 851, 857, 874 S.E.2d 498, 504 (2022) ("Although the trial court does have responsibility for evaluating the credibility of the witnesses, weighing the evidence, and determining the relevant facts, its findings of fact must be based upon clear, cogent, and convincing evidence[.]" (citations omitted)); *In re J.C.*, 380 N.C. at 746, 869 S.E.2d at 688 ("[U]pon remand a trial court must review and reconsider the record before it by applying the clear, cogent, and convincing standard to make findings of fact.").

### III.  Conclusion

We reverse and remand this case to the trial court. While the Petitions provided Father sufficient notice of the grounds on which his parental rights could be terminated, we reverse because the trial court failed to announce, either in open court or in the written Orders terminating Father's parental rights, it was making Findings using the required clear, cogent, and convincing standard of proof. Because Mother

presented sufficient evidence on which the trial court could have terminated Father's parental rights under N.C. Gen. Stat. § 7B-1111(a)(4), we remand the case rather than reverse it outright. On remand, the trial court shall consider "the record before it in order to determine whether [Mother] has demonstrated by clear, cogent, and convincing evidence" that Father's parental rights could be terminated. *In re J.C.*, 380 N.C. at 747, 869 S.E.2d at 688 (remanding case with such instructions where trial court did not announce the proper clear, cogent, and convincing standard of proof).

REVERSED AND REMANDED.

Judges ZACHARY and COLLINS concur.